NO









NO. 12-09-00244-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

MARY EDMISTON,                                          '     APPEAL
FROM THE 

APPELLANT

 

V.                                                                         '     COUNTY
COURT AT LAW OF

 

 

WELLS FARGO BANK, N.A.,                         '     CHEROKEE
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Mary
Edmiston appeals from the order of the county court at law dismissing her
appeal from a default judgment in a forcible detainer action.  Wells Fargo
Bank, N.A. confesses error through a motion requesting remand.  We reverse the
trial court’s dismissal order and remand for further proceedings.

 

Background

            Wells
Fargo Bank, N.A. filed a forcible detainer action in the justice of the peace
court, precinct number 3, position 1, of Cherokee County, Texas, alleging the
bank owned property that certain individuals, including Edmiston, were
occupying.  The bank alleged further that it had purchased the property at a
nonjudicial foreclosure sale, and had made written demand for the occupants to
vacate the premises.  However, the occupants refused to vacate.  Ultimately,
the justice court signed a default judgment awarding the bank possession of the
property.  

Edmiston and another occupant attempted to appeal the default
judgment to the county court at law by filing notices of appeal and pauper’s
affidavits.  The bank did not contest either affidavit.  The county court at
law, sua sponte and without a hearing, found that “all affidavits concerning
indigency filed by the Defendant do not comply with TRCP 145.”  The court
further found that “the Defendant[s] failed to comply with TRCP 143a.” 
Consequently, the court dismissed the appeals and ordered the court clerk to
“return all papers in this Cause to the Justice Court having original
jurisdiction and said Court shall proceed as though no appeal had been
attempted.”  Edmiston appeals the dismissal order.

Discussion

Edmiston argues in her sole issue that the trial court
erroneously concluded Texas Rules of Civil Procedure 143a and 145 apply to
pauper’s affidavits filed in an appeal from a judgment in a forcible detainer
action.  We agree.

Texas Rule of Civil Procedure 749a prescribes the procedure
for filing a pauper’s affidavit in a forcible detainer action.  As pertinent
here, the rule provides as follows:  

 

A pauper’s affidavit will be
considered approved upon one of the following occurrences: (1) the pauper’s
affidavit is not contested by any party; (2) the pauper’s affidavit is
contested by the other party and upon a hearing the justice determines that the
pauper’s affidavit is approved; or (3) upon a hearing by the justice
disapproving of the pauper’s affidavit the appellant appeals to the county
judge who then, after a hearing, approves the pauper’s affidavit.

 

Tex. R. Civ. P.  749a.  In this case,
Edmiston filed a pauper’s affidavit in which she stated that she was
unemployed, had no assets other than a small amount of cash, and had various monthly
expenses, which she listed.  The bank did not contest the affidavit. 
Therefore, under the plain language of the rule, Edmiston’s pauper’s affidavit
is considered approved and she is entitled to proceed with her appeal without
payment of costs.  See id.  Accordingly, the trial court
erred in disapproving Edmiston’s pauper’s affidavit and dismissing the appeal. 
We sustain Edmiston’s sole issue.

Conclusion

The bank filed a motion informing this court that it “has
found no authority indicating that the pauper’s affidavit in this case must be
controlled by anything other than Rule 749a of the Texas Rules of Civil
Procedure.”  The bank further states that it did not contest Edmiston’s
pauper’s affidavit and agrees that the affidavit must be considered approved. 
Therefore, it requests, in the interest of expedience, that this case be
remanded to the county court at law for a speedy trial on the merits.  We grant
the bank’s motion.  Having sustained Edmiston’s sole issue and granted the
bank’s motion, we reverse the order of the county court at law
dismissing Edmiston’s appeal and remand the case to the county
court at law for further proceedings consistent with this opinion.

Texas Rule of Appellate Procedure 39.8 requires the clerk of
this court to provide the parties a specified form of notice at least
twenty-one days before argument or submission without argument.  See Tex. R. App. P. 39.8.  To expedite a
decision, rule of appellate procedure 2 authorizes a court on its own
initiative to suspend the operation of a rule in a particular case.  Tex. R. App. P. 2.  The bank has
requested immediate relief.  Therefore, on our own initiative, we have applied
rule 2 and submitted the case without the notice required by rule 39.8.

 

                                                                                                   BRIAN HOYLE    

                                                                                       
Justice

 

 

 

Opinion delivered February 10, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)